1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

9

| | | |
|---|---|---|
| **MARIA BARRERA,** | ) | **CV F 09-0329 AWI DLB** |
| **Plaintiff**, | ) | **ORDER DENYING STAY OF** |
| **v.** | ) | **REMOVAL WITHOUT** |
| | ) | **PREJUDICE** |
| **ERIC HOLDER, Attorney General of** | ) | |
| **the United States;** | ) | |
| **JANET NAPOLITANO, Secretary,** | ) | |
| **Department of Homeland Security;** | ) | **Doc. # 10** |
| **JONATHAN SCHARFEN, Acting** | ) | |
| **Director U.S. Citizenship and** | ) | |
| **Immigration Services;** | ) | |
| **PAUL NOVAK, Deputy Director,** | ) | |
| **Vermont Service Center;** | ) | |
| | ) | |
| **Defendant**s. | ) | |
| _____ | ) | |

19

20        In this action for writ of mandamus, plaintiff Maria Barrera ("Plaintiff") has made

21   two requests. First, Plaintiff requests the court grant a writ of mandamus directing the

22   Department of Homeland Security to give consideration for her application for Temporary

23   Protected Status ("TPS").  Second, Plaintiff appears to have requested this court issue a "Stay

24   of Removal" pending the resolution of the instant action.  This order addresses only

25   Plaintiff's request for Stay of Removal.

26        So far as the court can determine from the pleadings submitted to this point, Plaintiff

27   did not request the court to consider her request *ex parte*, nor does there appear to be any

28   request for expedited consideration of the Stay of Removal.  So far as the court can

determine, there is currently no removal proceeding pending.  Plaintiff has averred that a stay of removal is automatic once an application for TPS status is accepted by the Department of Homeland Security.  The court concludes Plaintiff's request for stay in this proceeding is in the nature of a request to prevent the institution of any future deportation proceeding, not a request to stay imminent removal.

Subject to that understanding, the court will deny Plaintiff's request to Stay Removal without prejudice as premature.  So far as the court is aware, there is no proceeding to stay. While the denial is without prejudice, Plaintiff is cautioned that any future application for stay must be presented as a noticed motion, supported by legal authority and subject to opposition.  Any future application for stay must also specify what proceeding is to be stayed and must set forth the basis for this court's jurisdiction over the proceeding.

THEREFORE, pursuant to the foregoing, to the extent the proposed order for Stay of Removal as set forth in Document # 10 is intended to be a request for stay of removal proceedings not yet commenced, that motion is DENIED without prejudice.  The court notes that Defendants have been directed to respond to the complaint not less than 60-days from February 24, 2009.  While the court will not grant any request for stay of removal proceedings on an emergency or *ex parte* basis, the court finds that the interests of justice require the resolution of Plaintiff's request for writ of mandate not be unduly delayed.  The court will therefore not be inclined to continue time for Defendants' response.

IT IS SO ORDERED.

**Dated:    March 10, 2009**                          **/s/ Anthony W. Ishii**
                                                                 CHIEF UNITED STATES DISTRICT JUDGE

2